Admiral Ins. Co. v Joy Contrs., Inc. (2021 NY Slip Op 00484)





Admiral Ins. Co. v Joy Contrs., Inc.


2021 NY Slip Op 00484


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Acosta, P.J., Webber, Oing, Scarpulla, JJ. 


Index No. 108052/08 Appeal No. 12967 Case No. 2020-01907 

[*1]Admiral Insurance Company, Plaintiff-Appellant,
v
Joy Contractors, Inc., et al., Defendants, Reliance Construction Ltd., Doing Business as RCG Group, Ltd., et al., Defendants-Respondents.


Kinney Lisovicz Reilly & Wolff P.C., New York (Justin N. Kinney of counsel), for appellant.
Clyde & Co US LLP, New York (Harris R. Wiener of counsel), for respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about October 9, 2019, which denied plaintiff's motion to restore the action to active status, unanimously affirmed, with costs.
The motion court correctly denied plaintiff's motion to restore its declaratory judgment action to active status on the ground that there is no longer a live controversy between the parties (see Saratoga County Chamber of Commerce v Pataki , 100 NY2d 801, 810 [2003], cert denied 540 US 1017 [2003]). Any dispute over coverage — which is the basis for plaintiff's claims — was resolved by the global settlement and the offers made by RCG Group Ltd., Illinois Union Insurance Company, and the owners/developers to dismiss all claims with prejudice. Even if the case was marked disposed in error, counsel for RCG and counsel for the owners/defendants and Illinois Union confirmed, when asked at the hearing on plaintiff's motion, that there were no claims pending against plaintiff. Thus, any ruling on plaintiff's claims for rescission or the denial of coverage under its residential construction activities exclusion would be advisory and therefore academic, hypothetical, moot, and improper (id. at 810-811). The court correctly determined that a declaratory judgment as to the rights of nonparty insurers vis-À-vis plaintiff was therefore irrelevant to the resolution of plaintiff's moot claims.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021